■ In the Matter of BROWNSTONE PUBLISHERS, INC., Respondent, v NEW YORK CITY DEPARTMENT OF BUILDINGS, Appellant. —Order and judgment (one paper) of the Supreme Court, New York County (David B. Saxe, J.), entered March 14, 1990, which ordered disclosure of public records, requested pursuant to the Freedom of Information Law, in computer-tape format, unanimously affirmed, without costs.

The petitioner Brownstone Publishers, Inc. (Brownstone), a publishing and information services company, applied to the New York City Department of Buildings (DOB) under the

Freedom of Information Law (FOIL; Public Officers Law art 6) for production of the DOB's "DOB-BIS" property computer files containing statistical information on every parcel of real property in New York City. Brownstone intended to include the data in a computer database to be made available on a subscription basis to real estate professionals, appraisers and attorneys, and through them to the general public.

The files are maintained in a computer format that Brownstone can employ directly into its system, which can be reproduced on computer tapes at minimal cost in a few hours time—a cost Brownstone agreed to assume (see, Public Officers Law § 87 [1] [b] [iii]). The DOB, apparently intending to discourage this and similar requests, agreed to provide the information only in hard copy, i.e., printed out on over a million sheets of paper, at a cost of $10,000 for the paper alone, which would take five or six weeks to complete. Brownstone would then have to reconvert the data into computer-usable form at a cost of hundreds of thousands of dollars.

Public Officers Law § 87 (2) provides that, "Each agency shall * * * make available for public inspection and copying all records". Section 86 (4) includes in its definition of "record", computer tapes or discs. The policy underlying the FOIL is "to insure the maximum public access to government records" (Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294, 296-297). Under the circumstances presented herein, it is clear that both the statute and its underlying policy require that the DOB comply with Brownstone's reasonable request to have the information, presently maintained in computer language, transferred onto computer tapes. Concur—Murphy, P. J., Sullivan, Milonas and Smith, JJ.